```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

SAFETCARE MANUFACTURING, INC.,  §
                                §
          Plaintiff,            §
                                §
v.                              §    CIVIL ACTION NO. H-05-676
                                §
SIZEWISE RENTALS, LLC,          §
                                §
          Defendant.            §
```

## ORDER

Pending before the court is Plaintiff's Motion to Serve Late Responses to Defendant's Requests for Admission or, in the Alternative to Amend or Withdraw Deemed Admissions ("Plaintiff's Motion")(Docket Entry No. 28).[1] The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Plaintiff's motion.

This is a patent infringement action. Defendant sent Plaintiff discovery requests, including requests for admission, via FedEx on December 29, 2005, and Plaintiff received them on the next day.[2] Plaintiff's counsel "believes that it did not receive Defendant's Request[s] for Admission[] or that an internal filing error occurred."[3] Regardless, Plaintiff did not respond to

---

[1] Also pending is Defendant's Motion for Summary Judgment (Docket Entry No. 24) which the court will address at a later date.

[2] See Defendant's Memorandum in Support of its Motion for Summary Judgment, Docket Entry No. 25, Ex. 7, Defendant's Requests for Admission, p. 3; Ex. 11, Affidavit of Patrick Whalen, ¶¶ 2, 3.

[3] Plaintiff's Motion, Docket Entry No. 28, Ex. 1, Affidavit of Andrew W. Chu, ¶ 4.

Defendant's discovery requests within thirty days, by January 31, 2006.[4] On February 10, 2006, the parties filed a joint motion to extend the motion deadline by forty-five days.[5] The court granted the motion.[6]

Defendant timely filed a summary judgment motion on April 17, 2006.[7] In its motion, Defendant argued that Plaintiff cannot prove literal infringement or infringement under the doctrine of equivalents and attached a number of exhibits, including several expert reports.[8] As an independent reason in support of summary judgment, Defendant asserted that all of the requests for admission are deemed admitted under the rules because Plaintiff failed to respond timely.[9]

---

[4] The court calculated the due date by counting thirty days from the date Defendant mailed the requests and adding three days for service by mail. See Fed. R. Civ. P. 5(b)(2)(B) (stating that service by mail is complete upon mailing); Fed. R. Civ. P. 6(e) (allowing three additional days for response when service is made via any means other than hand delivery). There is some case law suggesting that service by a private carrier, as opposed to a public carrier, may not be effective until delivery, in which case, Plaintiff had until February 1 to respond. See Transco Leasing Corp. v. United States, 992 F.2d 552, 554 n.2 (5th Cir. 1993)(noting, without deciding, that service by Federal Express may not be service by mail under Federal Rule of Civil Procedure 5); Prince v. Poulos, 876 F.2d 30, 32 n.1 (5th Cir. 1989)(finding that, for purposes of Federal Rule of Appellate Procedure 25(a), Federal Express is not a public authority and, therefore, not a form of mail). Either way, Plaintiff did not respond in time.

[5] See Joint Motion to Extend Motion Deadline, Docket Entry No. 22, p. 1.

[6] See Order, Docket Entry No. 23.

[7] See Defendant's Motion for Summary Judgment, Docket Entry No. 24. The deadline set by the court, April 15, 2006, was a Saturday.

[8] See Defendant's Memorandum in Support of its Motion for Summary Judgment, Docket Entry No. 25.

[9] See id. at p. 8.

2

Plaintiff received Defendant's Motion for Summary Judgment on April 17, 2006.[10] Plaintiff's counsel then realized that Plaintiff had not responded to Defendant's discovery requests.[11] According to Plaintiff's motion, it responded to Defendant's requests for admission on April 25, 2006.[12] About one week after responding, Plaintiff filed the presently pending motion for leave to respond late, to amend the admissions, or to withdraw the deemed admissions.[13]

Under the federal rules, "[a] matter is admitted unless, within 30 days after service of the request [for admission], . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."  Fed. R. Civ. P. 36(a); see also In re Carney, 258 F.3d 415, 420 (5th Cir. 2001).  When matters are deemed admitted due to untimely response, those matters are "conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  The court has discretion to allow withdrawal or amendment of admissions if: 1) "the presentation of the merits of the action will be subserved thereby[;]" and 2) "the party who obtained the admission fails to

---

[10]   Plaintiff's Motion, Docket Entry No. 28, Ex. 1, Affidavit of Andrew W. Chu, ¶ 3.

[11]   Id. at ¶ 4.

[12]   Plaintiff's Motion, Docket Entry No. 28, p. 2 (unnumbered).

[13]   See Plaintiff's Motion, Docket Entry No. 28.

satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); see also Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991). Prejudice "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." Am. Auto. Ass'n , 930 F.2d at 1120.

Plaintiff concedes that its response was late, but avers that it was not the result of deliberate indifference.[14] Defendant argues that Plaintiff "fails to even address its burden in proving required good cause for the relief it seeks."[15] To the contrary, neither Federal Rule of Civil Procedure 36(b) nor any case cited by Defendant (or located by the court) requires a showing of good cause for the court to grant a motion to withdraw or to amend deemed admissions. Rather, the court need only determine whether the merits of this case are better served by withdrawal or amendment and whether Defendant has shown prejudice. Here, both criteria favor Plaintiff.

Among other requests, Defendant asked Plaintiff to admit that each claim of the patent in issue is invalid and that Defendant has

---

[14] Plaintiff's Motion, Docket Entry No. 28, Ex. 1, Affidavit of Andrew W. Chu, ¶ 4.

[15] Defendant's Response to Plaintiff's Motion to Amend or Withdraw Deemed Admissions, Docket Entry No. 31, p. 2 (emphasis omitted).

4

not infringed the patent.[16]  Without a doubt, both of these requests go to the heart of the dispute.  In its answer to Defendant's counterclaim Plaintiff denied Defendant's "allegations of invalidity, unenforceability, and noninfringement," as well as Defendant's affirmative claims of invalidity and infringement.[17] Moreover, Plaintiff's sole cause of action against Defendant is infringement.[18]  Many of Defendant's other requests for admission also touch on fundamental issues, such as claim construction.[19] Consideration of these factual and legal issues on the merits promotes justice.[20]

Because Plaintiff's denials of Defendant's requests for admission are consistent with its pleadings, Defendant is not prejudiced by amendment.  Defendant's motion for summary judgment does not rely solely, or even predominantly, on the deemed admissions, but, rather, comprehensively addresses the merits of Plaintiff's claim.  Defendant has presented no evidence that

---

[16]  See Defendant's Memorandum in Support of Motion for Summary Judgment, Docket Entry No. 25, Ex. 7, Defendant's Requests for Admission, Nos. 7, 8.

[17]  See Plaintiff's Motion, Docket Entry No. 28, Ex. 2, Plaintiff's Answer to Defendant's Answer and Counterclaim, ¶¶ 3, 5.

[18]  See Plaintiff's Original Complaint, Docket Entry No. 1, pp. 2-3.

[19]  See, e.g., Defendant's Memorandum in Support of Motion for Summary Judgment, Docket Entry No. 25, Ex. 7, Defendant's Requests for Admission, Nos. 1-5.

[20]  Defendant suggests, in a footnote, that continued reliance on denials in a counterclaim is not always warranted because the denying party subsequently may have discovered that the denials were not supported.  The court is not convinced that Defendant truly believed that was the case here, where Plaintiff continued the prosecution of its infringement claim despite its failure to respond to Defendant's requests for admission.

Plaintiff knew of the discovery requests and refused to respond or that Plaintiff engaged in any intentional dilatory conduct. Although the court finds no suggestion of prejudice, it will entertain a motion by Defendant for leave to supplement its motion for summary judgment, should Defendant find that necessary as a result of the withdrawal of Plaintiff's deemed admissions.

Based on the foregoing, the court **GRANTS** Plaintiff's motion. Plaintiff's deemed admissions are withdrawn and amended according to Plaintiff's April response to Defendant's requests for admission.

**SIGNED** in Houston, Texas, this 24th day of August, 2006.

Nancy K. Johnson
United States Magistrate Judge